GUARDIAN CONSTRUCTION CO., INC. *v.*
DINKIN ET UX.

[No. 73, September Term, 1972.]

*Decided December 11, 1972.*

The cause was submitted on brief to BARNES, MCWIL-
LIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ., and
ALFRED L. SCANLAN, Associate Judge of the Court of
Special Appeals, specially assigned.

Submitted by *Leonard S. Blondes* for appellant.

No brief filed on behalf of appellees.

SINGLEY, J., delivered the opinion of the Court.

Dr. Harvey Dinkin and his wife, Gail M. Dinkin (the
Dinkins) on 8 November 1969 entered into a contract
for the purchase of a house in Vienna, Virginia from
Guardian Construction Co., Inc. (Guardian). The con-
tract provided for settlement "[w]ithin ten (10) days
from the date of notification by Seller to Purchaser of
completion of the work to be done . . . ." On 21 April
1970, the Dinkins were notified that settlement had been
set for 6 May 1970 at 2 p.m. They asked for an extension,
which was refused. When they failed to appear at set-
tlement, Guardian declared a forfeiture of their $1,000.00
deposit as liquidated damages. The Dinkins brought suit
in the Circuit Court for Montgomery County for the re-
turn of the deposit. Guardian counterclaimed for actual
damages allegedly sustained in consequence of the Din-
kins' failure to settle. From a judgment in the Dinkins'
favor for $1,000.00 with interest and costs and dismiss-
ing the counterclaim, Guardian has appealed.

The contract contained a provision that " 'Completion of the work' shall mean that date on which V.A. [Veterans Administration], F.H.A. [Federal Housing Administration] or Conventional lender makes final inspection of work." In an addendum there was a provision that ". . . this contract is contingent on the approval of the house and the buyer by the Veterans Administration . . . . If the aforesaid approval is not obtained, it is expressly agreed that [the buyer] shall be refunded his deposit . . . ."

On 19 March 1970, an inspection of the premises had been made by the Federal Housing Administration, apparently acting for the Veterans Administration. That agency's Compliance Inspection Report, identifying Provident Mortgage Corporation as the Dinkins' mortgage lender, was made on a printed form, and contained several significant entries. Under the heading "Compliance inspection of on-site improvements reveals:" appeared Item 13, "On-site improvements acceptably completed except items listed below, completion of which is delayed by conditions beyond control. (*See IV below*)."

Under "Field inspection of off-site improvements reveals:" there was keyed to Item 13 the comment, "Complete fine Grading and seeding Back yard." Under IV, headed "To mortgagee" Box A was checked. It read, "Compliance. Conditional commitment subject to inspection before issuance of Firm Commitment."

Returning to the section dealing with off-site improvements there was a check mark opposite Item 16, "Completion essential as explained below," and the explanation read, "Surface," which apparently meant "Surface street," since this comment also appeared on another inspection report dated 6 June 1970, which continued to withhold the issuance of a firm commitment, a month after the Dinkins had refused to settle and Guardian had attempted to declare a forfeiture of the deposit. The box "Final Inspection" had been checked on both the March and the June reports.

The court below, after considering the evidence, in-

cluding the conflicting testimony of representatives of the Veterans Administration and of the Federal Housing Administration as to whether the Compliance Inspection Report actually imported finality, concluded "to resolve the doubt as to the time of settlement in favor of the plaintiff[s]" and dismissed Guardian's counterclaim, because the attempted forfeiture of the deposit as liquidated damages precluded proof of actual damages, under the contract provision that should the deposit be forfeited ". . . the Purchaser shall be relieved from further liability hereunder . . . ." This is the usual rule when the deposit is not a fund from which damages are to be paid, but when by the terms of the contract, the purchaser is relieved of further liability upon forfeiture, *Alois v. Waldman,* 219 Md. 369, 377, 149 A. 2d 406 (1959). We are not inclined to disturb the result reached below, Maryland Rule 886.

Guardian makes much of the fact that the contract language, " 'Completion of the work' shall mean that date on which the V.A., F.H.A. or Conventional lender makes final inspection of work" should be equated with the making of a Compliance Inspection Report, simply because the Box "Final Inspection" was checked. To us, this contention is simply not consonant with reality.

The contract, by its terms, was made specifically subject to a Veterans Administration appraisal, obviously in anticipation of a guaranty of the mortgage loan for $40,000.00 on which the contract was conditioned. It is apparent that the guaranty commitment would not become firm until all variances noted in the report were satisfactorily disposed of. On its facts, the case is strikingly reminiscent of the situation in *Griffith v. Scheungrab,* 219 Md. 27, 146 A. 2d 864 (1958), which is clearly apposite. There, the contract was subject to financing to be guaranteed by the Federal Housing Administration and we held the purchaser released from his obligation under the contract when the seller failed to cooperate in the purchaser's effort to obtain a Federal Housing Administration appraisal. While the appellant raises many

questions in this case, it has cited no authority in support of the contention that a different result should be reached here.

*Judgment affirmed, costs to be paid by appellant.*